UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| BETTINA FREELAND, et al., | : | |
| | : | Civil Action No. 07-6160 (MLC) |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | M E M O R A N D U M |
| LIBERTY MUTUAL INSURANCE | : | O P I N I O N |
| COMPANY, | : | |
| | : | |
| Defendants. | : | |
| | : | |

HUGHES, U.S.M.J.

## I.    INTRODUCTION

These matters having come before the Court by Motions of Defendants Government

Employees Insurance Company ("GEICO") and Liberty Mutual Fire Insurance Company

("Liberty Fire") (together, "Defendants"), to Sever [dkt. entry nos. 52 and 53], both returnable

March 17, 2008.  Plaintiffs Lauren Kaufman, Bettina Freeland, Phillip T. Burrus, Vanga Stoilov,

Anthony Rossetti, Tamesha Brown, Eduardo Kieffer, and Sandra D. Kozusko ("Plaintiffs"), as

proposed class representatives in a proposed class-action lawsuit, filed opposition to Defendants'

Motions to Sever on March 3, 2008 [dkt. entry no. 61], and on March 10, 2008 [dkt. entry no.

66].  Defendants filed their reply briefs on March 10, 2008 [dkt. entry nos. 65 and 67].  The

Court decided the matter without oral argument pursuant to Federal Rule of Civil Procedure 78.

For the reasons stated herein, Defendants' Motions to Sever are denied.

II.    **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

GEICO and Liberty Fire are two of six defendants joined together in a proposed class-action suit by six different plaintiffs.  Plaintiffs allege that all defendant insurance companies violated a New Jersey law by failing to provide insurance coverage for the diminution of value of Plaintiffs' insured vehicles following accidents.  (Compl. at 2.)

Plaintiffs filed suit in state court, and Defendants subsequently removed the case to federal court.  [Dkt. entry no. 1].  On January 28, 2008, Plaintiffs filed a Motion to Remand the entire case due to lack of diversity jurisdiction, returnable February 19, 2008.  The Motion to Remand is still pending.  On February 19, 2008, GEICO and Liberty Fire filed Motions to Sever under Federal Rule of Civil Procedure 21, which states that "[m]isjoinder of parties is not ground for dismissal of an action.  Parties may be dropped . . . upon motion of any party."  Defendants argued they were improperly joined as parties under Federal Rule of Civil Procedure 20, which states that parties may be joined only if claims asserted against them arise out of the "same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action."  (*See* GEICO's Br. at 2-3; Liberty Fire's Br. at 3-4.)

Plaintiffs opposed Defendants' Motions, arguing that the Court should postpone deciding the motions to sever until the pending motion to remand has been decided.  (Pl's. Opp'n Br. at 1.) Plaintiffs further argue that joinder of all defendants is proper under Rule 20(a) because the "same transaction or occurrence" requirement should be liberally construed, and it would be in the interest of justice to have all defendants sued in one action.  (Pl.'s Remand Br. at 10.) GEICO and Liberty Fire replied, arguing that the issues of deciding diversity jurisdiction and

fraudulent misjoinder are inexorably intertwined, and resolution of one necessitates the

resolution of the other (GEICO's Reply Br. at 2; Liberty Fire's Reply Br. at 4.)  Defendants

further argue that Plaintiff has not shown any reason why the motions to sever should not be

granted.  (GEICO's Reply Br. at 1; Liberty Fire's Reply Br. at 2.)

III.    DISCUSSION

Defendants' Motions to Sever are denied because they are not ripe for adjudication.

A matter is not ripe for adjudication if it "rests upon contingent future events that may not

occur as anticipated, or indeed may not occur at all." *Texas v. U.S.*, 523 U.S. 296, 300 (1998)

(internal quotations omitted).  When subject matter jurisdiction is in question, the Supreme Court

has held that subject matter jurisdiction should be resolved before any other matters are

adjudicated.  *See e.g., Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998)

("[w]ithout jurisdiction the court cannot proceed at all in any cause.") (internal quotations

omitted).  Here a motion to remand is pending before the court. [*See* dkt. entry no. 37.]  The

ruling on the motion to remand may obviate the need for a decision on the motions to sever.

In *Pennsylvania Employees Benefit Trust Fund v. Eli Lilly & Co.,* 2007 WL 2916195

(E.D.Pa. 2007), the court considered a motion to remand and a motion to sever simultaneously.

*See id.* at **2, 6.  Here, however, while the jurisdiction issue is still pending, the motions to sever

are not ripe for adjudication.  *Id.* at 3.  When the motion to remand is decided by the Court, at

that time the motions to sever will be ripe for adjudication.  The motions to remand and motions

to sever may be considered together, but the motions to sever should not be considered before

jurisdiction has been established as that would result in the Court issuing an advisory opinion.

As such, subject matter jurisdiction is one of the "contingent future events that may not

occur as anticipated." Therefore, the motions to sever are not ripe for adjudication and must be

denied without prejudice.  *See Texas v. U.S.*, 523 U.S. at 300.

## IV.     CONCLUSION

For the reasons stated herein, GEICO and Liberty Fire's respective Motions to Sever are

denied without prejudice because they are not ripe for adjudication. An appropriate Order

accompanies this Memorandum Opinion.

**DATED:** June 26, 2008