**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| LAUREN KAUFMAN, et al., | : | CIVIL ACTION NO. 07-6160 (MLC) |
| Plaintiffs, | : | **MEMORANDUM OPINION** |
| v. | : | |
| ALLSTATE INSURANCE COMPANY, et al., | : | |
| Defendants. | : | |

**COOPER, District Judge**

Plaintiffs, individually and on behalf of others similarly situated, brought this action in New Jersey state court against Allstate Insurance Company ("Allstate"), Liberty Mutual Insurance Company ("Liberty Mutual"), GEICO Insurance Company ("GEICO"), First Trenton Indemnity Company ("First Trenton"), High Point Insurance Company ("High Point"), and New Jersey Manufacturers Insurance Company ("New Jersey Manufacturers") (collectively, "defendants"), seeking equitable relief and damages for the defendants' failure to provide insurance coverage for the "diminished value" of plaintiffs' vehicles resulting from their involvement in accidents. (Dkt. entry no. 1, Rmv. Not., Ex. A, Compl., at 2.)  Defendants removed the action to this Court pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), 1453.  (Rmv. Not., at 1-2.)  Plaintiffs now move to remand the action to New Jersey state court pursuant to CAFA's

"local controversy" exception, 28 U.S.C. § 1332(d)(4)(A). (Dkt. entry no. 37, Pls. Br., at 1.) The Court determines the motion on briefs without an oral hearing, pursuant to Federal Rule of Civil Procedure 78(b). For the reasons stated herein, the Court will (1) grant the motion, and (2) remand the action to state court.

## BACKGROUND

Plaintiffs brought a class action against six insurance companies. (Compl., at 2.) It is uncontested that First Trenton, High Point, and New Jersey Manufacturers are New Jersey citizens. (Pls. Br., at 3.) The remaining three defendants are not New Jersey citizens. (Dkt. entry no. 51, Liberty Mutual Br., at 2; dkt. entry no. 54, GEICO Br., at 5; dkt. entry no. 50, Allstate Br., at 1-2.)[1] Plaintiffs allege that (1) they own vehicles covered by insurance policies issued by defendants, (2) their vehicles have diminished value after being involved in accidents, (3) defendants failed to provide coverage for the diminished value of their vehicles, and (4) defendants' failure to provide coverage for the diminished value violates both the insurance agreements and New Jersey law. (Compl., at 2-4, 13.)

---

[1] A stipulation has been filed substituting defendant Allstate New Jersey Insurance Company ("Allstate New Jersey"), which is a New Jersey citizen, for Allstate. (Dkt. entry no. 68, Stip. for Substitution of Allstate New Jersey Insurance Company as Defendant, at 2.) Plaintiffs have not yet filed an amended complaint naming Allstate New Jersey. (Id.)

2

Plaintiffs move to remand the action to state court under CAFA's local controversy exception. (Pls. Br., at 1.) Liberty Mutual, GEICO, Allstate, and New Jersey Manufacturers opposed the motion, arguing that, inter alia, plaintiffs do not satisfy the local controversy exception because they have not shown that (1) there is a New Jersey defendant from whom plaintiffs seek significant relief and whose conduct forms a significant basis for their claims, and (2) the principal injuries caused by defendants' conduct or any related conduct were incurred in New Jersey. (Liberty Mutual Br., at 5; GEICO Br., at 3-5; Allstate Br., at 2; see also dkt. entry no. 55, N.J. Manufacturers Br., at 1.)

## DISCUSSION

### I. Legal Standards

#### A. CAFA

Federal courts have jurisdiction over any civil action in which (1) the amount in controversy exceeds $5,000,000, (2) at least one plaintiff and one defendant are citizens of different states, and (3) the proposed plaintiff class has 100 or more members. 28 U.S.C. § 1332(d)(2), (5)(B). The local controversy exception, however, requires that jurisdiction be declined where (1) more than two-thirds of the plaintiff class are citizens of the original forum state, (2) at least one defendant from whom significant relief is sought and whose alleged conduct forms a

3

significant basis for plaintiffs' claims is a citizen of the original forum state, (3) the "principal injuries resulting from the alleged conduct or any related conduct of each defendant" occurred in the original forum state, and (4) "no other class action has been filed asserting the same or similar factual allegations against any of the defendants" on behalf of any person within the previous three years.  28 U.S.C. § 1332(d)(4)(A).  The local controversy exception identifies controversies that "uniquely affect[] a particular locality to the exclusion of all others."  Evans v. Walter Indus., Inc., 449 F.3d 1159, 1164 (11th Cir. 2006) (internal quotation and citation omitted).

Subject matter jurisdiction under CAFA and the local controversy exception is determined based on circumstances as they existed at the time the complaint was filed.  See Natural Res. Def. Council, Inc. v. Texaco Refining & Mktg., Inc., 2 F.3d 493, 502 (3d Cir. 1993); Innovative Health & Wellness LLC v. State Farm Mut. Auto. Ins. Co., No. 08-60786, 2008 WL 3471597, at *1 n.2 (S.D. Fla. Aug. 11, 2008); see also 28 U.S.C. § 1332(d)(7) (stating that citizenship of plaintiff class is determined as of the date complaint was filed).  The removing party under CAFA must show that the amount in controversy and minimum diversity of citizenship requirements are satisfied.  Morgan v. Gay, 471 F.3d 469, 473 (3d Cir. 2006), cert. denied, 128 S.Ct. 66 (2007).  The

party asserting the local controversy exception must show that the exception requires remand to state court.  Beye v. Horizon Blue Cross Blue Shield of N.J., Nos. 06-5337 & 06-6219, 2008 WL 2944674, at *13 (D.N.J. Aug. 1, 2008); see also Hart v. FedEx Ground Package Sys., Inc., 457 F.3d 675, 680 (7th Cir. 2006).

**B.   CAFA's Local Controversy Exception**

**1.   Significant Relief and Significant Basis**

The local controversy exception applies where a defendant from whom significant relief is sought and whose alleged conduct forms a significant basis for the claims is a citizen of the original forum state.  28 U.S.C. § 1332(d)(4)(A)(i)(II).  A plaintiff class seeks "significant relief" against a defendant where the relief sought "is a significant portion of the entire relief sought by the class."  Evans, 449 F.3d at 1167; see also Joseph v. Unitrin, Inc., No. 08-77, 2008 WL 3822938, at *7 (E.D. Tex. Aug. 12, 2008); Gauntt v. La. Citizens Prop. Ins. Corp., No. 06-7817, 2007 WL 128801, at *2 (E.D. La. Jan. 16, 2007).  The significant relief inquiry "includes not only an assessment of how many members of the class were harmed by the defendant's actions, but also a comparison of the relief sought between all defendants and each defendant's ability to pay a potential judgment."  Robinson v. Cheetah Transp., No. 06-5, 2006 WL 468820, at *3 (W.D. La. Feb. 27, 2006) (opinion of Magistrate Judge), aff'd, 2006 WL 1453036 (W.D. La. May 17, 2006) (district

5

court opinion); see also Evans, 449 F.3d at 1167; Cox v. Allstate Ins. Co., No. 07-1449, 2008 WL 2167027, at *3 (W.D. Okla. May 22, 2008).

Significant relief is not sought against a defendant where only a small number of plaintiff class members have claims against the defendant. Joseph, 2008 WL 3822938, at *7; Phillips v. Severn Trent Envtl. Servs., Inc., No. 07-3889, 2007 WL 2757131, at *3 (E.D. La. Sept. 19, 2007). A plaintiff class also does not seek significant relief from a defendant where "the relief sought (or reasonably expected) from a particular defendant is 'just small change' in comparison to what the class is seeking from the other co-defendants." Phillips, 2007 WL 2757131, at *3; see also Joseph, 2008 WL 3822938, at *7.

The inquiry into whether the in-state defendant's conduct forms a "significant basis" for the claims centers on a comparison of the in-state defendant's alleged conduct with the other defendants' conduct. Joseph, 2008 WL 3822938, at *8; see also Evans, 449 F.3d at 1167 (determining whether in-state defendant's conduct formed a significant basis of plaintiff class's claims by evaluating defendant's role in causing the alleged injury in comparison with roles played by other defendants). A defendant is significant such that the conduct forms a substantial basis for the claims where defendant is more than trivial or of no importance. See Caruso v. Allstate Ins.

Co., 469 F.Supp.2d 364, 369 (E.D. La. 2007); see also Joseph, 2008 WL 3822938, at *9.

### 2. Principal Injuries

The local controversy exception also requires a showing that plaintiff class's "principal injuries resulting from the alleged conduct or any related conduct of each defendant" occurred in the original forum state. 28 U.S.C. § 1332(d)(4)(A)(i)(III). Principal injuries as used in the local controversy exception means the chief or primary violation of another's legal rights for which the law provides a remedy. Kitson v. Bank of Edwardsville, No. 06-528, 2006 WL 3392752, at *8, *10 (S.D. Ill. Nov. 22, 2006). The occurrence of plaintiff class's principal injuries must be limited to the original forum state. Kearns v. Ford Motor Co., No. 05-5644, 2005 WL 3967998, at *12 (C.D. Cal. Nov. 21, 2005); see also Brook v. UnitedHealth Group Inc., No. 06-12954, 2007 WL 2827808, at *4 (S.D.N.Y. Sept. 27, 2007); Mattera v. Clear Channel Commc'ns, Inc., 239 F.R.D. 70, 80 (S.D.N.Y. 2006). The local controversy exception is inapplicable where defendants' conduct "could be alleged to have injured [persons] throughout the country or broadly throughout several states." Kearns, 2005 WL 3967998, at *12 (internal quotation and citation omitted); see also Brook, 2007 WL 2827808, at *4; Mattera, 239 F.R.D. at 80. This is true even where the class action is limited to injuries sustained in only one state.

Kearns, 2005 WL 3967998, at *12.  The principal injuries requirement focuses on the state in which the principal injuries "were suffered by everyone who was affected by the alleged conduct-not just where the proposed class members were injured."  Id.  (internal quotation and citation omitted).

**II. Application of Legal Standards**

    **A.    Application of CAFA**

GEICO demonstrated that the amount in controversy exceeds $5,000,000, the plaintiff class has more than 100 members, and there is minimal diversity of citizenship between plaintiffs and defendants.  (Rmv. Not., at 2-3.)  See 28 U.S.C. § 1453(b) (stating that any defendant may remove a class action to federal court without the consent of all defendants).  Plaintiffs are citizens of New Jersey and GEICO is a citizen of Maryland, thus satisfying the diversity of citizenship requirement.  (Id.)

    **B.    Application of the Local Controversy Exception**

The defendants do not dispute that (1) more than two-thirds of the plaintiff class are New Jersey citizens, or (2) within the previous three years there has not been another class action brought against any of the defendants in which the same or similar factual allegations were asserted.  Rather, defendants contend that plaintiffs have failed to show that (1) there is a New Jersey defendant from whom they seek significant relief and whose alleged conduct forms a significant basis for their claims,

and (2) their principal injuries were caused by defendants' alleged conduct or any related conduct occurring in New Jersey. (Liberty Mutual Br., at 4-5; GEICO Br., at 3-5; Allstate Br., at 2.)

### 1.  Significant Relief and Significant Basis

Plaintiffs satisfy the significant relief requirement by showing that New Jersey Manufacturers, a New Jersey citizen, is a defendant from whom they seek significant relief.  Here, plaintiffs seek relief against six insurance companies issuing personal automobile insurance policies in New Jersey.  (Compl., at 2.)  New Jersey Manufacturers controls more than 15 percent of the market in personal automobile insurance policies written in New Jersey, and has issued over 780,000 policies in New Jersey.  (Pls. Br., at 6, Ex. B.)  It has the largest market share of any insurance company writing personal automobile insurance policies in New Jersey.  (Id.)  In comparison, only two other insurance companies writing personal automobile insurance policies in New Jersey have more than a 10 percent share of the market.  (Id.)

New Jersey Manufacturers's status as the largest insurer of personal automobiles in New Jersey shows that the relief sought against it is significant in comparison with the relief sought against the other defendants.  See Gauntt, 2007 WL 128801, at *2 (using market share statistics as a proxy for significance of relief sought against defendants); Caruso, 469 F.Supp.2d at 369

(relying on market statistics and defendant's position as the state's third largest homeowner's insurer in finding that plaintiff class sought significant relief against defendant). Furthermore, there has been no indication that New Jersey Manufacturers is unable or less able than other defendants to pay a potential judgment.  See Joseph, 2008 WL 3822938, at *7 (evaluating defendant's ability to pay a potential damages judgment in determining whether plaintiff class sought significant relief against defendant).

GEICO argues that New Jersey Manufacturers's 15 percent market share is not significant as the term is used in the local controversy exception.  (GEICO Br., at 12-13.)  However, the critical determinant of significance as used in the local controversy exception is a comparison between the in-state defendant and all other defendants.  See Evans, 449 F.3d at 1167 (stating that significant relief is sought against a defendant where "the relief sought against that defendant is a significant portion of the entire relief sought by the class"); Robinson, 2006 WL 468820, at *3 (asserting that the significant relief determination includes "a comparison of the relief sought between all defendants").  Here, New Jersey Manufacturers has the largest percentage market share in the state at approximately 15 percent. (Pls. Br., at 6, Ex. B.)  Of the more than forty insurance companies that issue personal automobile insurance policies in

10

New Jersey, only three companies, including New Jersey Manufacturers, have a market share of greater than 10 percent. (Id.)  Thus, in comparison with all the other defendants, New Jersey Manufacturers's market share is indeed significant.  See Caruso, 469 F.Supp.2d at 369 (finding a market share of 7.5 percent significant where defendant was the third largest issuer of homeowner's insurance in the state).  Therefore, New Jersey Manufacturers is a defendant against whom the plaintiffs seek significant relief for purposes of the local controversy exception.

    Plaintiffs also meet the significant basis element of the local controversy requirement by showing that New Jersey Manufacturers is a defendant whose conduct forms a significant basis for their claims.  Here, New Jersey Manufacturers has issued over 780,000 personal automobile insurance policies in New Jersey, which is over 100,000 more policies than its closest competitor.  (Pls. Br., Ex. B.)  Compared with the other defendants, New Jersey Manufacturers has issued substantially more policies.  (Id.)  Moreover, given its status as the largest issuer of personal automobile insurance policies in New Jersey, New Jersey Manufacturers cannot be considered trivial or of no importance.  See Caruso, 469 F.Supp.2d at 369 (concluding that the state's third largest issuer of homeowner's insurance was not trivial or of no importance, thus satisfying the significant

11

relief and significant basis prongs of the local controversy exception). Therefore, New Jersey Manufacturers's conduct forms a significant basis for the plaintiffs' claims for purposes of the local controversy exception.[2]

Defendants argue that the significant basis element requires that the entire plaintiff class assert a claim against the in-state defendant. (GEICO Br., at 9-10; Allstate Br., at 2-4.) In making this argument GEICO and Allstate rely on Eakins v. Pella Corp., 455 F.Supp.2d 450 (E.D.N.C. 2006). (GEICO Br., at 9-10; Allstate Br., at 2-3). Eakins, however, is distinguishable here.

Eakins, in contrast to this action, involved a product liability claim against a local retailer and national manufacturer of an allegedly defective product. 455 F.Supp.2d at 451. The defective product was manufactured by a national company and distributed throughout the country by numerous local retailers. Id. Further, both defendants in Eakins were in the same distribution chain and were both liable for the same

---

[2] The significant relief and significant basis analysis remains the same where the in-state defendant is Allstate New Jersey, rather than New Jersey Manufacturers. Allstate New Jersey is a New Jersey citizen, and, with an approximately 13 percent share of the market, is the second largest issuer of personal automobile insurance policies in New Jersey. (Pls. Br., at 3, Ex. B.) Under the above analysis, Allstate New Jersey is also a New Jersey defendant against whom plaintiffs seek significant relief and whose alleged conduct forms a significant basis for plaintiffs' claims for purposes of the local controversy exception.

12

defective product.  Id.  This action is not a products liability case, but rather, involves claims asserted against six different insurance companies based on individual insurance policies issued by each company.  (Compl., at 2-3.)  The defendant insurance companies are not related and, in contrast to the retailer in Eakins, are not liable for policies written by other defendants.  This distinction is important because the relationship between the distributor and the manufacturer was critical in the Eakins court's determination that the local retailer's conduct did not form a significant basis for plaintiffs' claims.  See Eakins, 455 F.Supp.2d at 452-53 (limiting discussion of significant basis factor to products liability situation in which both local retailer and national manufacturer are defendants).  Thus, reliance on Eakins is misplaced.

### 2. Principal Injuries

Plaintiffs satisfy the principal injuries requirement by showing that their injuries were incurred in New Jersey.  Here, plaintiffs allege that defendants failed to provide coverage under their insurance policies for the diminished value of plaintiffs' vehicles resulting from their involvement in accidents.  (Compl., at 2.)  The alleged principal injuries occurred when defendants denied coverage for the vehicles' diminished value under the insurance policies.  See Kitson, 2006 WL 3392752, at *13 (defining principal injuries as "the chief or

primary violation of legal rights" asserted by plaintiffs). These denials of coverage occurred in New Jersey because plaintiffs were located in New Jersey, defendants did business in New Jersey, and the insurance policies were issued in New Jersey. (See Compl., at 8-13.)  Cf. Kitson, 2006 WL 3392752, at *13 (concluding that the principal injury - an Illinois bank's improper computation of interest on loans - occurred in Illinois).

    The occurrence of the principal injuries was limited to New Jersey.  Plaintiffs' claims pertain only to personal automobile insurance policies issued in New Jersey.  (Compl., at 8.) Because they were issued in New Jersey, the insurance policies, and any denials of coverage under the policies, were limited to New Jersey.  This is not a situation where persons throughout the country could have been injured by defendants' conduct.[3]  See Kearns, 2005 WL 3967998, at *12 (stating that local controversy exception does not apply where defendants' conduct could have injured persons in more than one state).  Rather, the injuries caused by defendants' conduct could only be sustained in New

---

    [3]  Brook, 2007 WL 2827808, is distinguishable here.  In Brook, the plaintiffs alleged that the injuries caused by defendants' conduct were "not limited to the named New York plaintiffs but also included health care providers in several other states."  2007 WL 2827808, at *4.  Here, plaintiffs do not allege that injuries caused by defendants' conduct were incurred in any state other than New Jersey.  (Dkt. entry no. 66, Pls. Reply Br., at 5.)

14

Jersey because only New Jersey insurance policies are involved. (Compl., at 8.)  Therefore, plaintiffs have shown that the principal injuries incurred as a result of defendants' conduct or any related conduct occurred solely in New Jersey.

## CONCLUSION

The Court, for the reasons stated <u>supra</u>, will (1) grant the motion, and (2) remand the action to New Jersey state court.  The Court will issue an appropriate order.

                                                 s/ Mary L. Cooper    
                                              **MARY L. COOPER**  
                                              United States District Judge

Dated:    September 9, 2008